**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4372**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OLANREWAJU ABIOLA,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:16-cr-00461-GLR-1)

Submitted:  December 17, 2019                    Decided:  December 19, 2019

Before KING, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Justin Eisele, SEDDIQ LAW FIRM, Rockville, Maryland, for Appellant.  Zachary Augustus Myers, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Olanrewaju Abiola appeals the 14-month sentence imposed upon revocation of his supervised release. Abiola's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court adequately considered Abiola's arguments for a different sentence. Although informed of his right to file a pro se supplemental brief, Abiola has not done so. The Government has declined to file a response brief. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). Only if the sentence is procedurally or substantively unreasonable must we determine whether it is plainly so. *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007).

A revocation sentence is procedurally reasonable when the district court considers the policy statements in Chapter Seven of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2018) factors and adequately explains the sentence imposed. *Slappy*, 872 F.3d at 207; *see* 18 U.S.C. § 3583(e) (2018) (listing relevant factors). A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *Slappy*,

2

872 F.3d at 207. "A sentence within the policy statement range is presumed reasonable . . . ." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted). Ultimately, "the sentencing court retains broad discretion to impose a [revocation sentence] up to the statutory maximum." *Id.* (ellipsis and internal quotation marks omitted).

In view of these standards, we discern no procedural or substantive unreasonableness in Abiola's sentence. The district court properly calculated an advisory policy statement range of 8 to 14 months' imprisonment. The court acknowledged that Abiola had almost completed his term of supervised release at the time he committed his violation, that he had received vocational training while on supervised release, and that he needed mental health and anger management treatment. However, the court also considered the grave nature of Abiola's violation—a state assault charge related to a domestic violence incident—as well as the need for general and specific deterrence. We conclude that the district court did not abuse its broad discretion in determining that a sentence at the top of the policy statement range was warranted on these grounds.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's revocation judgment. This court requires that counsel inform Abiola, in writing, of the right to petition the Supreme Court of the United States for further review. If Abiola requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Abiola.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*